IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 15, 2004

## STATE OF TENNESSEE v. GUADALUPE ARROYO, ALIAS

**Direct Appeal from the Criminal Court for Knox County**
**No. 71869      Ray L. Jenkins, Judge**

---

**No. E2003-02355-CCA-R3-CD - Filed August 30, 2004**

---

The defendant entered guilty pleas to two counts of vehicular homicide by intoxication and was sentenced to consecutive twelve-year terms of imprisonment. The defendant appealed the imposition of maximum sentences and the order to serve the terms consecutively. After this, our second review, we again remand for a new sentencing hearing in light of Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and the trial court's failure to find specific findings justifying the necessity for consecutive sentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and
Remanded for Resentencing**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

Glen B. Rutherford, Knoxville, Tennessee, for the appellant, Guadalupe Arroyo, Alias.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and Philip H. Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This is the second review by this Court of the sentencing of the defendant, Guadalupe Arroyo. The first appeal resulted in remand for a new sentencing hearing. See State v. Guadalupe Arroyo, No. E2002-00639-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 259 (Tenn. Crim. App. at Knoxville, Mar. 27, 2003). The remand was made after this Court found that certain enhancement factors were misapplied and that the trial court had failed to make specific findings as required by State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995), before imposing consecutive sentences. Arroyo, 2003 Tenn. Crim. App. LEXIS 259, at *15.

The following facts were recited in the original appeal:

> At the guilty plea hearing, the parties stipulated to the following facts. On October 31, 2000, the [defendant] was driving down Henley Street in Knoxville and ran two red lights. As the [defendant] ran the second red light, his vehicle struck another vehicle passing through the intersection. The driver of the other vehicle, Anjanette Comer, was killed instantly, and the passenger, Dennis Shockley, died a short time later. The [defendant] was taken to the hospital where blood testing revealed that he had a blood alcohol level of .18 percent. Moreover, the [defendant] admitted to having consumed approximately ten beers that day and "numerous alcohol containers, both full and empty, [were] found inside the [defendant's] vehicle."
>
> On January 27, 2002, the [defendant] entered "blind" guilty pleas to two counts of vehicular homicide by intoxication.

Id. at *2.

At the second sentencing hearing, witness statements of four persons in the immediate vicinity of the fatal crash were introduced. In addition, a taped phone call regarding the defendant, made to 911 some seventeen minutes prior to the fatal crash, was introduced. Two enhancement factors under Tennessee Code Annotated section 40-35-114 were proposed to the court: (2) the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, and (11) the defendant had no hesitation about committing a crime when the risk to human life was high. No mitigating factors were proposed.

The State urged that in regard to consecutive sentences for multiple convictions that Tennessee Code Annotated section 40-35-115(b)(4), the defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high, would justify consecutive sentences.

The trial court then found that the two enhancing factors applied, as well as the criterion justifying consecutive sentences, and sentenced the defendant to the maximum of twelve years on each conviction, to run consecutively. This was the same sentence as imposed in the original sentencing hearing.

The defendant contends on appeal that the trial court erred in the application of an enhancement factor, the defendant had no hesitation in committing a crime when the risk to human life was high. Tenn. Code Ann. § 40-35-114(11). The defendant also maintains that it was error to impose consecutive sentences. The State responds that the sentences imposed were proper and should be affirmed.

**Analysis**

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). Because the trial judge failed to make specific findings required in the imposition of consecutive sentences, our review is *de novo* without a presumption of correctness.

In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210(b), to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

The appellant pled guilty and was sentenced as a Range I, standard offender, for which the applicable range for Class B felonies is eight to twelve years. Tenn. Code Ann. § 40-35-112(a)(2) (1997). The presumptive sentence for a Class B felony is the minimum within the applicable range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If the trial court finds that such factors do exist, the court must start at the presumptive sentence, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e).

No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002); see Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002).

If the court concludes the defendant is a dangerous offender under Tennessee Code Annotated section 40-35-115(b)(4), it must make two further determinations in addition to applying general sentencing principles. State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002). First, it must find an extended sentence is necessary to protect the public from further criminal conduct by the defendant, and, second, it must find consecutive sentencing to be reasonably related to the severity of the offenses. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

The trial court found no mitigating factors and applied the following enhancement factors:[1]

(2)     the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; and

(11)    the defendant had no hesitation about committing a crime when the risk to human life was high.

This Court previously approved the use of enhancement factor (2) on the basis of the defendant's past criminal behavior as evidenced by his illegal alien status since 1997 and driving on a regular basis without a driver's license. Arroyo, 2003 Tenn. Crim. App. LEXIS 259, at *8. The previous opinion disapproved the use of enhancement factor (11) due to the absence of proof that any other individuals were in the immediate vicinity or placed at risk by the defendant's conduct. Id. at *10.

The State, at the last sentencing hearing, introduced, without objection, four witness interviews of individuals. These witnesses, who were at the scene of the crash or near the defendant prior to the crash, were themselves exposed in a zone of danger to the defendant's reckless conduct. We feel this evidence is sufficient to justify the application of enhancement factor (11). There being two enhancement factors and no mitigating factors, the trial court was justified in enhancing the defendant's sentence at the time of the resentencing. However, Blakely v. Washington calls into question whether or not the enhancing factors used here may be applied. 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

The defendant also challenges the trial court's imposition of consecutive sentences. Tennessee Code Annotated section 40-35-115 (1997) sets forth certain criteria that will justify consecutive sentencing in multiple convictions if proved by a preponderance of the evidence. In this case, the trial court utilized criterion (4), the defendant is a dangerous offender whose behavior indicates little or no regard for human life.

State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995), established that the finding that a defendant is a dangerous offender, standing alone, is not sufficient to sustain consecutive sentences. When a defendant is classified as a dangerous offender, the trial court must determine whether the sentences imposed are reasonably related to the severity of the offenses and necessary to protect the public from further criminal activity by the defendant, "Wilkerson factors." Id. State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999), amplified this by emphasizing that the dangerous offender category is the most subjective and hardest to apply of all the categories for consecutive sentencing. Thus, specific findings must be made by the trial court regarding the severity of the offenses and the necessity to protect society by consecutive sentencing. Id.

---

[1] We have utilized the 2002 amendment numbering of Tennessee Code Annotated section 40-35-114.

-4-

The failure of the trial court in the original sentencing to consider the Wilkerson factors was one reason the cause was remanded for resentencing. At the second sentencing hearing, the transcript reveals the following considerations given by the trial court in imposing consecutive sentences:

> THE COURT: [U]nder Multiple Convictions, 40-35-115, No. 4: The defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high.
>
> Enter a judgment on --was it the second count? Was that the second count?
>
> [ASSISTANT DISTRICT ATTORNEY]: I believe that it--I believe the order was two counts, Judge.
>
> THE COURT: Twelve years as a Range I, Standard Offender, to be served consecutively to the remaining count.
>
> Anything further, General?
>
> [ASSISTANT DISTRICT ATTORNEY]: Your Honor, I think to be consistent with the remand, is the Court finding specifically that he is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime–
>
> THE COURT: Yes.
>
> [ASSISTANT DISTRICT ATTORNEY]: --when the risk to human life was high?
>
> THE COURT: Yes.
>
> [ASSISTANT DISTRICT ATTORNEY]: And also under the Wilkerson factors, is the Court determining also that consecutive sentences are reasonably related to the severity of the offense?
>
> THE COURT: Oh, I omitted that. Yes.
>
> [ASSISTANT DISTRICT ATTORNEY]: And necessary to protect the public from further criminal activity? Is the Court also finding that as well?
>
> THE COURT: Yes, certainly.

[ASSISTANT DISTRICT ATTORNEY]: Thank you.

END OF REQUESTED TRANSCRIPT

The mere recitation of the <u>Wilkerson</u> factors in response to leading questions designed to elicit the "magic words" will not substitute for the requirement of making specific findings. This approach is an abrogation of the responsibility placed on the trial court by the dictates of <u>Wilkerson</u>. <u>Wilkerson</u>, like this case, involved a vehicular homicide in which the defendant satisfied the definition of a dangerous offender under Tennessee Code Annotated section 40-35-115(b)(4). <u>Wilkerson</u>, 905 S.W.3d at 937-38. However, in addition to the finding of the status of dangerous offender, particular facts must exist that are embodied in specific findings regarding the severity of the offenses and the necessity to protect society from further aggravated conduct before imposing consecutive sentences. <u>Id.</u> at 939.

**Conclusion**

In light of <u>Blakely v. Washington</u>, we remand this case once again for resentencing as <u>Blakely</u> may affect the length of sentences that may be imposed. This cause has been remanded once before due, in part, to the lack of consideration of the <u>Wilkerson</u> factors before imposing consecutive sentences. Unless and until the trial court states on the record whether or not specific facts in the hearing justify imposition of consecutive sentencing, this Court cannot conduct an adequate review. If the trial court concludes that consecutive sentences should be imposed, the trial court must state which facts in the record it finds to support this sentencing determination. Further, the trial court must state how the effective aggregate sentence reasonably relates to the severity of the offenses.

_____
JOHN EVERETT WILLIAMS, JUDGE